**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**LLEWELLYN GEORGE, 02-A-0092,**

                **Plaintiff,**            05-CV-0510A(Sr)

v.

**JAMES T. CONWAY, et al.,**

                **Defendants.**

---

## REPORT, RECOMMENDATION AND ORDER

This matter was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #25.

Plaintiff has moved for a temporary restraining order/preliminary injunction seeking to enjoin defendants, employees at the Attica Correctional Facility ("Attica"), from violating dietary regulations. Dkt. #15. Subsequently, plaintiff was transferred from Attica to at least one other facility. Generally speaking, an inmate's transfer from a facility moots claims for declaratory and injunctive relief against officials of that facility. *See Salahuddin v. Goord*, 467 F.3d 263 (2d Cir. 2006); *Prins v. Coughlin*, 76 F.3d 504 (2d Cir. 1996). Accordingly, it is recommended that plaintiff's motion for injunctive relief be denied as moot.

Plaintiff represents to the Court that he continues to suffer harm as a result of violations of dietary regulations at the facility where he is currently housed. The Court notes that plaintiff has been afforded the opportunity, by virtue of this Court's Case

Management Order entered November 28, 2006, to move to join other parties or to amend his complaint to add allegations of violations of dietary regulations against officials at the facility where he currently resides. Dkt. #31. If plaintiff moves to amend his complaint to add such allegations, he could also move for injunctive relief.

## **CONCLUSION**

Based on the foregoing, it is recommended that the plaintiff's motion for a temporary restraining order/preliminary injunction (Dkt. #15), be **DENIED** as moot without prejudice to renewal in the event that plaintiff successfully moves to amend his complaint to include allegations of violations of dietary regulations at the facility where he is currently housed.

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the

magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Order and a copy of the Report and Recommendation to the *pro se* plaintiff and counsel for the defendants.

**SO ORDERED.**

DATED:   Buffalo, New York
         January 4, 2007

**S/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**